UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAM EL FILALI, | |
| Plaintiff, | CIVIL NO. 1:23-CV-133 |
| v. | |
| HARRISBURG AL OPERATIONS LLC, | (KANE, J.) (LATELLA, M.J.) |
| Defendant. | |

## MEMORANDUM

Pro se Plaintiff Sam El Filali has filed a request asking the Court to "appoint a representative." (Doc. 74). Because Plaintiff indicates in that request that he is incompetent to manage this action due to mental health impairments, we must satisfy our duty of inquiry pursuant to Fed. R. Civ. P. 17. Accordingly, as set forth herein, we will direct Plaintiff to submit additional documentation for *in camera review*.

### I.   PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Complaint on January 24, 2023. (Doc. 1). At the time the Complaint was filed, Plaintiff was represented by counsel. (*Id*.). Defendant answered on April 17, 2023. (Doc. 8). Plaintiff's counsel filed a motion to withdraw as counsel on

1

October 11, 2023, indicating that Plaintiff had terminated him. (Doc. 18). The court granted that motion on October 17, 2023. (Doc. 21). The matter was referred to Chief Magistrate Judge Bloom for pretrial management on December 20, 2023.

Defendant filed a Motion for Summary Judgment and supporting brief on May 14, 2025. (Doc. 66). On June 10, 2025, the matter was reassigned to the undersigned magistrate judge for pretrial management. Plaintiff filed a brief in opposition to summary judgment on August 19, 2025. (Doc. 70). Defendant filed a reply brief on September 2, 2025. (Doc. 72).

Plaintiff then filed a "Request to appoint a representative" on September 8, 2025. (Doc. 74). On that same date, he filed a "Motion to compel the defendant to release the security camera recording tapes." (Doc. 75). On September 16, 2025, he filed a "Memorandum and Brief Summary Defendant's False Allegatio[n]s and Misleading Facts." (Doc. 76).

We now consider Plaintiff's "Request to appoint a representative." (Doc. 74).

## II. LEGAL STANDARD

Rule 17(c)(2) provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). While Rule 17(c)(2) imposes a mandatory obligation upon the courts, there is "no suggestion which factors should trigger the court's duty of inquiry as to whether the individual at issue is competent." *Powell v. Symons*, 680 F.3d 301, 303 (3d Cir. 2012). Accordingly, "responsibility for Rule 17 appears generally to be left to the discretion of the district courts." *Id.*

The Third Circuit has provided some guidance, instructing that "a district court need not inquire *sua sponte* into a pro se plaintiff's mental competence based upon a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 307. Rather, the duty of inquiry involves a determination of whether there is "verifiable evidence of incompetence." *Id.* For instance, the Third Circuit clarified that a district court would abuse its discretion if it failed to consider

3

whether Rule 17(c) applied "[i]f a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Id.* (quoting *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2d Cir. 2003)).  A district court "must satisfy its duty of inquiry before it proceeds to determine if Rule 17 applies."  *Id.*

### III.  DISCUSSION

In his "Request to appoint a representative," Plaintiff alleges that he is "an incapacitated person unable to manage his legal case, he is treating for mental health issues at [P]ennsylvania psychiatric institute under medical surveillance of doctor fashion."  (Doc. 74).  He therefore requested that the court appoint a representative.  (*Id.*).  In support of this request, he attached a short letter from a medical provider, which has been filed under seal.  (Doc. 74-1).

Based upon Plaintiff's claim that he is "an incapacitated person unable to manage his legal case," our duty of inquiry is triggered.  (*See*

Doc. 74). However, neither Plaintiff's "Request to appoint a guardian" nor the letter attached thereto provide "verifiable evidence of incompetence." *See Powell*, 680 F.3d at 307.

Accordingly, we will direct Plaintiff to submit to the Court for *in camera* review (1) any documentation from a public agency or court of record that he has been adjudicated incompetent, or (2) documentation from a medical provider that the type of mental illness he is being treated for renders him legally incompetent. *Id*.

## IV. CONCLUSION

Based upon the above, before ruling on "Plaintiff's request to appoint a guardian," we must satisfy our duty of inquiry. Accordingly, Plaintiff is directed to submit to the Court for *in camera* review the specific type of documentation described *supra*. An order will follow which will include instructions for Plaintiff as to the submission of documents for *in camera* review.

Dated: October 30, 2025         *s/ Leo A. Latella*
                                **LEO A. LATELLA**
                                **United States Magistrate Judge**

5