UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMI EL FILALI, | |
| Plaintiff, | CIVIL NO. 1:23-cv-00133 |
| v. | |
| HARRISBURG AL OPERATIONS LLC, | (KANE, J.) (LATELLA, M.J.) |
| Defendant. | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Sami El Filali has filed a "Motion to compel the defendant to release the security camera recording tapes." (Doc. 75). Because the time for discovery in this matter has elapsed, we will deny Plaintiff's Motion.

### I. PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Complaint on January 24, 2023. (Doc. 1). At the time the Complaint was filed, Plaintiff was represented by counsel. (*Id.*). Defendant answered the Complaint on April 17, 2023. (Doc. 8). Plaintiff's counsel filed a motion to withdraw as counsel on October 11, 2023, indicating that Plaintiff had terminated him. (Doc. 18). The court granted that motion on October 17, 2023 and

1

provided Plaintiff with thirty (30) days to find new counsel or advise the Court of his intention to proceed *pro se*. (Doc. 21). On November 21, 2023, the Court issued another Order indicating that Plaintiff failed to comply with its October 17, 2023 Order and directing Plaintiff to notify the Court by December 1, 2023 as to whether he retained new counsel or intended to proceed *pro se*. (Doc. 23). On November 30, 2023, Plaintiff filed a letter to the docket stating that "[T]he Counsel [sic] of American Islamic Relation is my new counsel in this case." (Doc. 24). However, the following day, December 1, 2023, Plaintiff filed another letter to the docket indicating that he would be proceeding *pro se*.[1] (Doc. 25).

The matter was referred to Chief Magistrate Judge Bloom for pretrial management on December 20, 2023. Plaintiff filed an "Absence Notice" on January 31, 2024 indicating that he would be out of the state

---

[1] Defense counsel filed a letter the same day indicating that he unsuccessfully attempted to contact an attorney at the Counsel of American Islamic Relations and requesting that the Court order new counsel to file a Notice of Appearance by the close of business on December 1, 2023. (Doc. 26). On December 27, 2023, Plaintiff filed email correspondence between himself and an attorney with the Council on American-Islamic Relations. (Doc. 28). The email string included an email providing that the Council on American-Islamic Relations would not be representing Plaintiff in this matter. (*Id.*).

for some time due to his father's death. (Doc. 29). On February 12, 2024, the Court instructed Plaintiff to file a status report with the court within 60 days of his return. (Doc. 31). On June 11, 2024, Plaintiff filed a "Status Report" indicating that he returned to the United States. (Doc. 32).

A joint case management plan was submitted on June 25, 2024. (Doc. 37). A case management order was entered on June 26, 2024, which provided for, *inter alia*, a discovery deadline of January 31, 2025. (Doc. 39). Plaintiff requested an extension of time for the deadline to join additional parties and for the deadline to amend pleadings based upon his planned travel out of state for family reasons. (Doc. 40). The Court denied that motion on August 22, 2024. (Doc. 43). Plaintiff filed an additional Motion for Continuance following a trip to Morocco for "family reasons." (Doc. 44). That Motion was likewise denied on December 13, 2024. (Doc. 45). On January 24, 2025, Defendant filed a Motion to Extend Factual Discovery based upon Plaintiff's failure to respond to discovery requests propounded by Defendant. (Doc. 52-1). Defendant simultaneously requested a settlement conference, which the Court scheduled for January 30, 2025. (Doc. 53). The Settlement

Conference was unsuccessful and so, on February 12, 2025, Defendant again filed a motion to extend the discovery deadline. (Doc. 55-1). On that same date, Defendant filed a request for leave to file a motion to compel discovery responses from Plaintiff. (Doc. 56). On February 14, 2025, the Court granted the Motion to Extend the deadline until March 14, 2025. (Doc. 58). Defendant then filed a Motion to Extend the Time to File a Dispositive Motion on March 18, 2025, which the Court granted, extending the deadline for the filing of dispositive motions to May 15, 2025. (Docs. 59, 60). Plaintiff filed a Motion for Continuance on April 9, 2025, indicating that he would be out of the state beginning April 10, 2025 due to a family emergency. (Doc. 64). The Court denied that Motion on April 15, 2025. (Doc. 65).

      Defendant filed a Motion for Summary Judgment and supporting brief on May 14, 2025. (Doc. 66). On June 10, 2025, the matter was reassigned to the undersigned magistrate judge for pretrial management. Plaintiff filed another motion to continue on August 8, 2025, which was denied on August 12, 2025. (Docs. 68, 69). Plaintiff filed a brief in opposition to summary judgment on August 19, 2025 and then filed a request for a copy of a deposition on August 21, 2025.

(Docs. 70, 71).  Defendant filed a reply brief in further support of summary judgment on September 2, 2025.  (Doc. 72).

Plaintiff then filed a "Request to appoint a representative" on September 8, 2025.  (Doc. 74).  On that same date, he filed a "Motion to compel the defendant to release the security camera recording tapes."  (Doc. 75).  On September 16, 2025, he filed a "Memorandum and Brief Summary Defendant's False Allegatio[n]s and Misleading Facts."  (Doc. 76).  Defendant filed a letter on September 16, 2025 responding to Plaintiff's Motion to Compel.  (Doc. 77).

We now address Plaintiff's "Motion to compel the defendant to release the security camera recording tapes."  (Doc. 75).

## II. DISCUSSION

Issues regarding the scope and timing of discovery rest in the sound discretion of the court.  *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).  Where a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request.  *See, e.g., Maslanka v. Johnson & Johnson,* 305 F. App'x 848 (3d Cir. 2008) (affirming denial of *pro se* litigant's motion to compel where discovery

demands were untimely); *Oriakhi v. United States,* 165 F. App'x 991 (3d Cir. 2006) (same); *Bull v. United States,* 143 F. App'x 468 (3d Cir. 2005) (same).

To that end, a motion to compel filed after the deadlines for discovery and the filing of dispositive motions is properly denied. *Finzie v. Shineski*, 351 F. App'x 668, 672, n. 7 (3d Cir. 2009); *Frazier v. SCI Medical Dispensary Doctor + 2 Staff Members,* No. 1:07-0194, 2009 WL 136724, at *2 (M.D. Pa. Jan. 16, 2009) ("A motion to compel after the close of discovery is not timely and will be denied absent special circumstances."); *Muniz v. Price*, 3:10-cv-345, 2010 WL 4537037, *3 (M.D. Pa. Nov. 3, 2010) (denying motion to compel as untimely and because "many of the discovery requests that are the subject of [motion] seek material which does not exist.").

Here, the discovery deadline was March 14, 2025. (Doc. 58). Defendant stated that it repeatedly informed Plaintiff that the video footage sought does not exist, including during a February 6, 2025 settlement conference. (Doc. 77). Notwithstanding the fact that Plaintiff inquired about the status of the video footage prior to the discovery deadline and was informed by the Defendant that it did not

exist, Plaintiff did not take any action to move to compel the video footage until September 8, 2025.[2] (Doc. 75). This was nearly six (6) months after the close of fact discovery and nearly four (4) months after the deadline for filing dispositive motions. Given the untimely nature of Plaintiff's Motion, it will be denied.

## III.   CONCLUSION

For the reasons stated herein, Plaintiff's "Motion to compel the defendant to release the security camera recording tapes" will be denied. An Order follows.

**Date:** December 9, 2025              *s/ Leo A. Latella*
                                        **LEO A. LATELLA**
                                        **United States Magistrate Judge**

---

[2] We also note the court cannot compel the production of evidence by parties who assert that they do not possess the materials sought by an adversary in litigation. *See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, No. 08-5904, 2010 WL 5186088, *4 (E.D. Pa. Dec. 21, 2010) (court denied motion to compel where plaintiffs represented that they did not possess the documents sought by defendant); *Knauss v. Shannon*, No. 08-1698, 2009 WL 975251, *3 (M.D. Pa. April 9, 2009) (motion to compel denied where defendant asserted that video footage sought by plaintiff did not exist); *Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:17-CV-1266, 2019 WL 5622453, at *4 (M.D. Pa. Oct. 31, 2019) ("[i]t is clear . . . that the court cannot compel the production of things that do not exist."). Defendant has represented that the video footage sought by Plaintiff here does not exist and Plaintiff has provided no reason why the Court should not accept that representation.