UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMI EL FILALI, | |
| Plaintiff, | CIVIL NO. 1:23-cv-00133 |
| v. | |
| HARRISBURG AL OPERATIONS LLC, | (KANE, J.)<br>(LATELLA, M.J.) |
| Defendant. | |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Sami El Filali filed a Motion for Reconsideration of our Order denying his Request to Appoint a Representative. As set forth herein, because Plaintiff has not satisfied the "stringent" standard for reconsideration, his motion will be denied.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a Complaint on January 24, 2023. (Doc. 1). At the time the Complaint was filed, Plaintiff was represented by counsel. (*Id.*). Defendant answered the Complaint on April 17, 2023. (Doc. 8). Plaintiff's counsel filed a motion to withdraw as counsel on October 11, 2023, indicating that Plaintiff had terminated him. (Doc. 18). The court granted that motion on October 17, 2023 and

1

provided Plaintiff with thirty (30) days to find new counsel or advise the Court of his intention to proceed *pro se*. (Doc. 21). On November 21, 2023, the Court issued another Order indicating that Plaintiff failed to comply with its October 17, 2023 Order and directing Plaintiff to notify the Court by December 1, 2023 as to whether he retained new counsel or intended to proceed *pro se*. (Doc. 23). On November 30, 2023, Plaintiff filed a letter to the docket stating that "[T]he Counsel [sic] of American Islamic Relation is my new counsel in this case." (Doc. 24). However, the following day, December 1, 2023, Plaintiff filed another letter to the docket indicating that he would be proceeding *pro se*.[1] (Doc. 25).

The matter was referred to Chief Magistrate Judge Bloom for pretrial management on December 20, 2023. Defendant filed a Motion for Summary Judgment and supporting brief on May 14, 2025. (Doc.

---

[1] Defense counsel filed a letter the same day indicating that he unsuccessfully attempted to contact an attorney at the Counsel of American Islamic Relations and requesting that the Court order new counsel to file a Notice of Appearance by the close of business on December 1, 2023. (Doc. 26). On December 27, 2023, Plaintiff filed email correspondence between himself and an attorney with the Council on American-Islamic Relations. (Doc. 28). The email string included an email providing that the Council on American-Islamic Relations would not be representing Plaintiff in this matter. (*Id.*).

2

66). On June 10, 2025, the matter was reassigned to the undersigned magistrate judge for pretrial management. Plaintiff filed a brief in opposition to summary judgment on August 19, 2025 and then filed a request for a copy of a deposition on August 21, 2025. (Docs. 70, 71). Defendant filed a reply brief in further support of summary judgment on September 2, 2025. (Doc. 72).

Plaintiff then filed a "Request to appoint a representative" on September 8, 2025. (Doc. 74). On that same date, he filed a "Motion to compel the defendant to release the security camera recording tapes." (Doc. 75). On September 16, 2025, he filed a "Memorandum and Brief Summary Defendant's False Allegatio[n]s and Misleading Facts." (Doc. 76).

We issued a Memorandum (Doc. 78) and Order (Doc. 79) on October 30, 2025, directing Plaintiff to provide to the Court for *in camera* review any (1) documentation from a public agency or court of record that he has been adjudicated incompetent, or (2) documentation from a medical provider that the type of mental illness he is being treated for renders him legally incompetent, to the extent such documentation exists. On November 20, 2025, having received no

response from Plaintiff, we filed an additional Order again directing Plaintiff to provide the specified documentation on or before December 4, 2025. (Doc. 80).

On December 1, 2025, the Court received documents from Plaintiff for *in camera* review. After reviewing those submissions, we issued a Memorandum Opinion (Doc. 82) and Order (Doc. 83) denying Plaintiff's Request to Appoint a Representative (74). On December 22, 2025, Plaintiff filed a Motion for Reconsideration of that Order (Doc. 89), which we will now address.

## II.   LEGAL STANDARD

The Third Circuit has instructed that the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Thus, reconsideration is only properly granted where the party moving for reconsideration shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest

4

injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

Importantly, "[a] motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." *Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014), *aff'd sub nom. Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016) (quoting *Douris v. Schweiker,* 229 F.Supp.2d 391, 408 (E.D. Pa. 2002)). "The standard for granting a motion for reconsideration is a stringent one.... [A] mere disagreement with the court does not translate into a clear error of law." *Mpala v. Smith,* CIV. 3:CV–06–841, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) (Kosik, J.) *aff'd,* 241 F. App'x. 3 (3d Cir. 2007). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.,* 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. DISCUSSION

As the Court noted in *Snider v. Pennsylvania Dept. of Corrections*, "[t]here is no uniform approach to determining incompetence in civil

actions." No. 15-951, 2019 WL 4793056, *10 (M.D. Pa. Sept. 30, 2019). The decision as to whether to appoint a representative "rests with the sound discretion of the court." *Richards v. Duke University*, 166 F. App'x 595, 598 (3d Cir. 2006). Multiple courts have determined that in the absence of evidence that a court has adjudicated an individual incompetent or medical records establishing that an individual is being or has been treated for mental illness of the type that would render him or her legally incompetent, appointment of a guardian *ad litem* is not necessary. *See, e.g.*, *Tejada v. DelBalso*, No. 3:18-cv-01096, 2018 WL 6047081, *1 (M.D. Pa. Nov. 19, 2018); *Monroe v. Bryan*, 881 F. Supp.2d 623, 628 (D. Del. 2012). Further, even where a party suffers from mental illness, courts have declined to appoint a representative where there is no evidence that the party is incompetent. *See, Tejada*, 2018 WL 6047081, at *1; *Monroe*, 881 F. Supp. 2d at 628; *Snider*, 2019 WL 4793056, at *10-11; *Richardson v. Fustine*, No. 1:19-CV-2132, 2020 WL 13738991, at *2 (M.D. Pa. Oct. 7, 2020).

As set forth in our prior Memorandum Opinion, while the medical records provided by Mr. El Filali confirm that he is struggling with mental illness, there is no evidence that he is incompetent. Nothing in

6

Mr. El Filali's Motion for Reconsideration persuades us otherwise. In support of his Motion, Mr. El Filali did not assert any intervening change in controlling law. Nor did he present any new evidence that was not previously available. Rather, Plaintiff referenced records that he previously submitted and attached information that appears to come from an AI generated search indicating, in part, that Post Traumatic Stress Disorder "can absolutely cause incompetence and incapacitation in Pennsylvania." (*See* Docs. 89 at 1; 89-1). While that may be true, we previously directed Plaintiff to submit for *in camera* review "documentation from a medical provider that the type of mental illness he is being treated for renders him legally incompetent." (*See* Doc. 80). The records that Plaintiff provided in response to that Order do not establish that the type of mental illness he is being treated for render him incompetent. While it is true that Plaintiff may be receiving outpatient care for certain psychiatric illnesses, no medical provider has indicated that those illnesses render him incompetent. Finally, Plaintiff has not demonstrated that reconsideration is necessary here to correct a clear error of law or fact or to prevent manifest injustice.

7

Accordingly, his motion for reconsideration will be denied. *Max's Seafood Café ex rel. Lou–Ann, Inc.*, 176 F.3d at 677.

## I. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Reconsideration (Doc. 89) will be denied. An order follows.

Dated: December 23, 2025        *s/ Leo A. Latella*
                                                      LEO A. LATELLA
                                                      United States Magistrate Judge