UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMI EL FILALI, | |
| Plaintiff, | CIVIL NO. 1:23-cv-00133 |
| v. | |
| HARRISBURG AL OPERATIONS LLC, | (KANE, J.) (LATELLA, M.J.) |
| Defendant. | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Sami El Filali filed a Motion for Reconsideration of our Order denying his Motion to Compel the Defendant to Release Video Footage. As set forth herein, because Plaintiff has not satisfied the "stringent" standard for reconsideration, his motion will be denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Complaint on January 24, 2023. (Doc. 1). At the time the Complaint was filed, Plaintiff was represented by counsel. (*Id*.). Defendant answered the Complaint on April 17, 2023. (Doc. 8). Plaintiff's counsel filed a motion to withdraw as counsel on October 11, 2023, indicating that Plaintiff had terminated him. (Doc. 18). The court granted that motion on October 17, 2023 and

1

provided Plaintiff with thirty (30) days to find new counsel or advise the Court of his intention to proceed *pro se*. (Doc. 21). On November 21, 2023, the Court issued another Order indicating that Plaintiff failed to comply with its October 17, 2023 Order and directing Plaintiff to notify the Court by December 1, 2023 as to whether he retained new counsel or intended to proceed *pro se*. (Doc. 23). On November 30, 2023, Plaintiff filed a letter to the docket stating that "[T]he Counsel [sic] of American Islamic Relation is my new counsel in this case." (Doc. 24). However, the following day, December 1, 2023, Plaintiff filed another letter to the docket indicating that he would be proceeding *pro se*. (Doc. 25).

The matter was referred to Chief Magistrate Judge Bloom for pretrial management on December 20, 2023. Defendant filed a Motion for Summary Judgment and supporting brief on May 14, 2025. (Doc. 66). On June 10, 2025, the matter was reassigned to the undersigned magistrate judge for pretrial management. Plaintiff filed a brief in opposition to summary judgment on August 19, 2025 and then filed a request for a copy of a deposition on August 21, 2025. (Docs. 70, 71).

Defendant filed a reply brief in further support of summary judgment on September 2, 2025. (Doc. 72).

Plaintiff then filed a "Request to appoint a representative" on September 8, 2025. (Doc. 74). On that same date, he filed a "Motion to compel the defendant to release the security camera recording tapes" (hereinafter "Motion to Compel"). (Doc. 75). On September 16, 2025, he filed a "Memorandum and Brief Summary Defendant's False Allegatio[n]s and Misleading Facts." (Doc. 76).

We issued a Memorandum (Doc. 78) and Order (Doc. 79) on October 30, 2025, directing Plaintiff to provide to the Court for *in camera* review any (1) documentation from a public agency or court of record that he has been adjudicated incompetent, or (2) documentation from a medical provider that the type of mental illness he is being treated for renders him legally incompetent, to the extent such documentation exists. On November 20, 2025, having received no response from Plaintiff, we filed an additional Order again directing Plaintiff to provide the specified documentation on or before December 4, 2025. (Doc. 80).

On December 1, 2025, the Court received documents from Plaintiff for *in camera* review. After reviewing those submissions, we issued a Memorandum Opinion (Doc. 82) and Order (Doc. 83) denying Plaintiff's Request to Appoint a Representative (74). On December 22, 2025, Plaintiff filed a Motion for Reconsideration of that Order (Doc. 89), which we denied. (Doc. 91).

With respect to his Motion to Compel, we issued an Order and Memorandum on December 9, 2025 denying the motion. (Doc. Nos. 84, 85). Plaintiff filed a Motion for Reconsideration on December 29, 2025. (Doc. 92). In order to fully address Plaintiff's Motion for Reconsideration, we issued an Order on December 30, 2025 directing Defendant to submit a "verified response indicating (1) the efforts it took to identify the requested video footage; and (2) the results of those efforts." (Doc. 93). In compliance with that Order, Defendant filed submitted an affidavit on January 7, 2026. (Doc. 94). We now consider Plaintiff's Motion for reconsideration. (Doc. 92).

## II.   LEGAL STANDARD

The Third Circuit has instructed that the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present

newly discovered evidence." *Harsco v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Thus, reconsideration is only properly granted where the party moving for reconsideration shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

Importantly, "[a] motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." *Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014), *aff'd sub nom. Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016) (quoting *Douris v. Schweiker,* 229 F.Supp.2d 391, 408 (E.D. Pa. 2002)). "The standard for granting a motion for reconsideration is a stringent one.... [A] mere disagreement with the court does not translate into a clear error of law." *Mpala v. Smith,* CIV. 3:CV–06–841, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) (Kosik, J.) *aff'd,* 241 F. App'x. 3 (3d Cir. 2007). "Because federal courts have a strong interest

in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.,* 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. DISCUSSION

In our Memorandum Opinion dated December 9, 2025, we explained that Plaintiff's motion to compel was untimely, as it was filed after the deadlines for both discovery and dispositive motions. (Doc. 84 at 6); *see also Finzie v. Shineski*, 351 F. App'x 668, 672, n. 7 (3d Cir. 2009); *Frazier v. SCI Medical Dispensary Doctor + 2 Staff Members, No. 1:07-0194*, 2009 WL 136724, at *2 (M.D. Pa. Jan. 16, 2009) ("A motion to compel after the close of discovery is not timely and will be denied absent special circumstances.").

Additionally, we noted that the Defendant had represented that it repeatedly informed Plaintiff that the requested video footage did not exist. (Doc. 84 at 7). Accordingly, we stated that "we cannot compel the production of evidence by parties who assert that they do not possess the materials sought by an adversary in litigation." (*Id.*) (citing *AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, No. 08-5904, 2010 WL 5186088,

Case 1:23-cv-00133-YK     Document 102     Filed 02/02/26     Page 7 of 10

\*4 (E.D. Pa. Dec. 21, 2010) (court denied motion to compel where plaintiffs represented that they did not possess the documents sought by defendant); *Knauss v. Shannon*, No. 08-1698, 2009 WL 975251, \*3 (M.D. Pa. April 9, 2009) (motion to compel denied where defendant asserted that video footage sought by plaintiff did not exist); *Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:17-CV-1266, 2019 WL 5622453, at \*4 (M.D. Pa. Oct. 31, 2019) ("[i]t is clear . . . that the court cannot compel the production of things that do not exist.").

Following Plaintiff's Motion for Reconsideration, we issued an Order directing Defendant to submit a "verified response indicating (1) the efforts it took to identify the requested video footage; and (2) the results of those efforts." (Doc. 93). Defendant complied and filed two affidavits on January 7, 2026. (Doc. 94). First, Defendant filed the Affidavit of Jeffrey M. Daitz. (Doc. 94 at 1-5). Mr. Daitz stated that he is the primary attorney representing Defendant in this matter. (*Id.* at ¶1). He indicated that during the discovery period, the only request that Defendant received for video footage was in "unsigned and incomplete" subpoena dated December 23, 2024. (*Id.* at ¶8). The subpoena requested "surveillance videos, security camera records, etc.,"

7

without specifying the dates of the requested footage or the area in which the footage was maintained. (*Id*.). Defendant reviewed its records for any relevant footage in its possession, but was unable to locate any surveillance footage. (*Id*.).

    Defendant also submitted an Affidavit of Antonia Bultron. Ms. Bultron stated that she is the Vice President of Human Resources for Defendant. (Doc. 94-1 at ¶1). Ms. Bultron indicated that the facility at issue was previously owned by a different entity. (*Id*. at ¶4). The facility was purchased in February 2022. (*Id*.). Ms. Bultron indicated that the building has surveillance footage, but video footage is "not preserved indefinitely and is overwritten in the normal course absent a specific preservation request." (*Id*. at 4). Further, she stated that the new ownership installed a new surveillance system in January 2023. (*Id*. at 5). Footage from the prior security system was not saved. (*Id*.). Accordingly, she stated that Defendant is not in possession of any video footage predating January 2023. (*Id*.). Ms. Bulton confirmed that she undertook a "through and good-faith search for any video footage that might depict Mr. El Filali by reviewing the facility's camera inventory" and that she verified that "no archived, backup, or off-system recordings

8

exist for the time period of Plaintiff's employment" with Defendant. (*Id.* at ¶7).

In support of his Motion for Reconsideration, Plaintiff does not argue that there has been an intervening change in controlling law nor does he argue that there is new evidence that is available that was not available when we entered our prior order. Finally, Plaintiff has not demonstrated that reconsideration is necessary here to correct a clear error of law or fact or to prevent manifest injustice.

Rather, it remains beyond dispute that Plaintiff's Motion to Compel is untimely. Further, Defendant has now verified under penalty of perjury that the video footage requested by Plaintiff does not exist. (*See* Doc. Nos. 94, 94-1). We cannot compel Defendant to produce something that does not exist. *See, e.g.*, *Knauss v. Shannon*, 2009 WL 975251, *3. Accordingly, his motion for reconsideration will be denied. *Max's Seafood Café ex rel. Lou–Ann, Inc.*, 176 F.3d at 677.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Reconsideration (Doc. 92) will be denied.  An order follows.


**Dated: February 2, 2026**       *s/ Leo A. Latella*
                                  **LEO A. LATELLA**
                                  **United States Magistrate Judge**